IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE TWIN OAKS TENANTS/ RESIDENTS COLLECTIVE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Case No. 06-0186-CV-W-GAF |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI, GOVERNOR MATT BLUNT, et al., | ) ) ) ) | |
| Defendants. | ) | |

# **ORDER**

Presently before the Court are two Motions to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6) ("12(b)(6)") by Defendants, The Curators of the University of Missouri ("the University") and Governor Matt Blunt ("Governor Blunt") (collectively "Defendants"). (Doc. #16, #37). Although the Defendants filed separate Motions to Dismiss, in light of the similarity of the arguments presented, the Court rules on both Motions in this

1

Order. Also before the Court is the Plaintiff, Paula Fesenmeyer's ("Fesenmeyer"), Motion for Leave to File Amended Complaint. (Doc. #14). For the reasons set forth below, Defendants' Motions to Dismiss are GRANTED and Fesenmeyer's Motion for Leave to File Amended Complaint is DENIED.

## I. Facts

Fesenmeyer is a *pro se* litigant who resides in the Twin Oaks Apartments in Kansas City, Missouri. (Doc. #10). The University owns the Twin Oaks Apartments. Id. Fesenmeyer alleges that the University's maintenance and management of the Twin Oaks Apartments does not comply with the Americans with Disabilities Act ("ADA"). Id. She also claims that the University is in violation of various laws, codes, standards, and ordinances. Id.

Fesenmeyer wishes to act as a "spokesperson" for the Twin Oaks Tenants/Residents Collective, which apparently consists of

727 individuals who also reside in the Twin Oaks Apartments. Id. In an Order dated March 21, 2006, this Court informed Fesenmeyer that, although she may proceed *in forma pauperis* and litigate her own claims *pro se*, she may not litigate the claims of the other residents by acting as a "spokesperson." (Doc. #8 *citing* Myers v. Loudon County Pub. Sch., 418 F.3d 395, 400 (5th Cir. 2005) (the right to litigate one's own claims does not create a coordinate right to litigate the claims of others)). Despite the Court's Order, Fesenmeyer persists in referring to herself as the group's "spokesperson" in her Complaint and other filings with this Court.[1] (Doc. #10, #14, #24, #26). Indeed, Fesenmeyer has requested leave to amend her Complaint so that she can add even

---

[1] Ten other "Plaintiffs" signed Fesenmeyer's Complaint, which Fesenmeyer filed *in forma pauperis*. However, because none of the other ten individuals have requested leave to proceed *in forma pauperis*, the Court will treat Fesenmeyer as the sole Plaintiff in this case.

3

more unrepresented "Plaintiffs" to this lawsuit.[2]

Defendants argue that Fesenmeyer's Complaint should be dismissed because Defendants are entitled to Eleventh Amendment immunity. (Doc. #17, #37). Defendants further argue that Fesenmeyer should not be granted leave to amend her Complaint because her proposed amended Complaint contains the same fatal flaws as her first Complaint and because Fesenmeyer's amended Complaint represents an inappropriate attempt to litigate on behalf of others, in contravention of this Court's Order. (Doc. #15). Fesenmeyer opposes Defendants' Motions to Dismiss, arguing that the Defendants are not immune from suit. (Doc. #36). Fesenmeyer has not filed a reply to Defendants' opposition to her

---

[2]Additionally, Fesenmeyer wishes to amend her Complaint to add a long list of additional Defendants who appear to be either University or city officials. Inexplicably, Fesenmeyer also wishes to add an unknown number of "Unidentified Defendants" to this lawsuit as Defendants.

4

Motion for Leave to File Amended Complaint.

## I. Legal Standard

The Eighth Circuit has not articulated the standard under which a Motion to Dismiss on the basis of Eleventh Amendment Immunity should be considered. However, district courts within the Eighth Circuit have addressed motions to dismiss based on Eleventh Amendment immunity under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[3] Because the Defendants filed this Motion pursuant to 12(b)(6), this Court will apply the standard set forth under 12(b)(6).

Under 12(b)(6), a cause of action may be dismissed for the failure to state a claim upon which relief may be granted. When

---

[3] For example, Parsons v. Burns, 846 F.Supp. 1372, 1374 (W.D. Ark. 1993) addressed an Eleventh Amendment challenge under 12(b)(1) and Burlington Northern, Inc. v. North Dakota, 460 F.Supp. 140, 141 (N.D. 1978) addressed an Eleventh Amendment challenge under both 12(b)(6) and 12(b)(1).

considering a 12(b)(6) motion to dismiss, the court treats all well pled facts as true and grants all reasonable inferences therefrom in favor of the non-moving party. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). However, the court is not required to accept the pleader's own legal conclusions. Id. A motion to dismiss should only be granted if it appears from the face of the complaint that the plaintiff cannot prove any set of facts to support his claims for relief. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

## II. Analysis

*A. The University*

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Suits in federal court against unconsenting states are banned under the Eleventh Amendment.  *See* Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72 (1996).  The Eleventh Amendment presupposes that it is inherent in the nature of sovereignty that states are not amenable to suit in federal court without the state's consent.  Id.  at 54.

In addition to banning suits against non-consenting states, the Eleventh Amendment also encompasses certain actions in which a state agent or instrumentality is named as a defendant. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).  The University, which was established under the Missouri Constitution, is considered an instrumentality of the state, and therefore enjoys Eleventh Amendment protection.  Sherman v. Curators of the Univ. of Missouri, 871 F.Supp 344, 345 (W.D. Mo. 1994).

However, a state's Eleventh Amendment immunity from suit is not absolute; Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment, or a state may waive its sovereign immunity by consenting to suit. Coll. Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 670 (1999). In the ADA, Congress purported to abrogate the states' Eleventh Amendment immunity. 42 U.S.C. § 12202. However, the Eighth Circuit has specifically ruled that the extension of the ADA to the states was not a proper exercise of Congress's power under Section 5 of the Fourteenth Amendment. Alsbrook v. City of Maumelle, 184 F.3d 999, 1007 (8th Cir. 1999)(en banc), *cert. granted*, 528 U.S. 1146, *cert. dismissed*, 529 U.S. 1001 (2000) (addressing Title II of the ADA); Debose v. Nebraska, 207 F.3d 1020, 1021 (8th Cir. 1999) (addressing Title I

of the ADA).[4] Fesenmeyer does not argue that the University waived its sovereign immunity by consenting to suit. Because the University is a state instrumentality whose Eleventh Amendment immunity has been neither validly abrogated nor waived, Fesenmeyer's ADA claims against the University are barred.

The Complaint also alleges that the University "violates International, United States, Federal, State, State Common Law, County, and Local Housing Codes, Standards, and Ordinances." (Doc. #10). Nowhere in the Complaint or in Fesenmeyer's opposition to this Motion does she identify any basis for avoiding

---

[4] It is unclear whether the Complaint also alleges a claim under Title III of the ADA. Title III applies to private entities providing public accomodations, not to public entities. DeBord v. Bd. of Educ. of the Ferguson-Florissant Sch. Dist., 126 F.3d 1102, 1106 (8th Cir. 1997), *cert. denied* 523 U.S. 1073 (1998). Thus, to the extent that Fesenmeyer claims that Defendants violated Title III of the ADA, she has failed to state a claim for which relief may be granted.

9

the University's Eleventh Amendment immunity with respect to these alleged violations. Accordingly, Fesenmeyer's claims against the University under these various laws, codes, standards, and ordinances are likewise barred by Eleventh Amendment immunity.

*B. Governor Blunt*

Fesenmeyer does not specify the capacity in which Governor Blunt is sued. Therefore, it is presumed that he is sued in his official capacity. *See, e.g.*, Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his individual capacity, plaintiff must clearly and unambiguously state that in the pleadings; otherwise the defendant is sued only in his official capacity); Artis v. Francis Howell Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). "The Eleventh

10

Amendment bars a federal suit against state officials when the state is the real, substantial party in interest." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101 (1984) (internal quotations omitted). When the relief sought is nominally against a state official but the decree would in fact operate against the state, the suit is barred by the Eleventh Amendment regardless of whether it seeks damages or injunctive relief. Id. at 101-02.

In the instant case, Governor Blunt appears to be sued based solely on the fact that he is the highest ranking official in the state. Although Fesenmeyer alleges that Governor Blunt is "abusing" his authority, she makes no allegations of any specific conduct on the part of Governor Blunt that would support her allegation. Fesenmeyer's claims for violations of the ADA and various laws, codes, regulations, and standards appear to be solely against the University of Missouri. Because the state is the real, substantial

party in interest, Fesenmeyer's claims against Governor Blunt are barred by the Eleventh Amendment.

### C. Fesenmeyer's amended Complaint

As stated in this Court's March 21, 2006 Order, Fesenmeyer may not litigate claims on behalf of others. *See* <u>Myers v. Loudon County Pub. Sch.</u>, 418 F.3d 395, 400 (5th Cir. 2005) (the right to litigate one's own claims does not create a coordinate right to litigate the claims of others); *see also* <u>Collinsgru v. Palmyra Bd. of Educ.</u>, 161 F.3d 225, 231 (3rd Cir. 1998) ("Requiring a minimum level of competence protects not only the party that is being represented but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims"). Fesenmeyer's amended Complaint purports to add more "Plaintiffs" to this case, none of whom have filed anything on their own behalves or even signed Fesenmeyer's amended Complaint. Thus, Fesenmeyer's

12

amended Complaint represents an inappropriate attempt to litigate claims on behalf of others, in contravention the law and of this Court's Order. Further, even if this Court were to allow Fesenmeyer to file an amended Complaint, it would be futile because the amended Complaint would still be subject to dismissal based upon the Eleventh Amendment.

## **CONCLUSION**

Because the University is a state instrumentality whose Eleventh Amendment immunity has been neither validly abrogated nor waived, Fesenmeyer's ADA claims against the University are barred. Further, Fesenmeyer does not identify any basis for avoiding the University's Eleventh Amendment immunity with respect to her allegations that the University violated "International, United States, Federal, State, State Common Law, County, and Local Housing Codes, Standards, and Ordinances."

Accordingly, the University's Motion to Dismiss Fesenmeyer's claims against it is GRANTED.

Fesenmeyer's claims against Governor Blunt are similarly barred by the Eleventh Amendment. Fesenmeyer makes no allegations of any specific conduct on the part of Governor Blunt that would support her allegations, and her claims for violations of the ADA and various laws, codes, regulations, and standards appear to be solely against the University of Missouri. Because the state is the real, substantial party in interest, Governor Blunt's Motion to Dismiss is GRANTED.

Finally, because Fesenmeyer's amended Complaint represents an inappropriate attempt to litigate claims on behalf of others, and because the amended Complaint would still be subject to dismissal based upon the Eleventh Amendment, Fesenmeyer's Motion for Leave to File Amended Complaint is DENIED.

14

**IT IS SO ORDERED.**

                                              <u>/s/ Gary A. Fenner        </u>
                                              GARY A. FENNER, JUDGE
                                              United States District Court

DATED: June 26, 2006

15

Case 4:06-cv-00186-GAF   Document 40   Filed 06/26/06   Page 15 of 15